1
2
3
4
5
6
7
8
9
10                          **IN THE UNITED STATES DISTRICT COURT**

11                      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

12

13   EQUAL EMPLOYMENT OPPORTUNITY              CASE NO. CV F 06-0561LJO DLB
     COMMISSION,
14                                            **DECISION ON DEFENDANT'S SUMMARY**
                                              **JUDGMENT MOTION**
15                      Plaintiff,            _____(Doc. 35.)

16          vs.

17   GRIMMWAY ENTERPRISES, INC.,
     et al,
18
                        Defendants.
19   _____/

20                                  **INTRODUCTION**

21          Defendant Grimmway Enterprises, Inc. ("Grimmway") seeks summary judgment that plaintiff

22   Equal Employment Opportunity Commission ("EEOC") failed to conciliate with Grimmway to bar

23   EEOC's sexual harassment and employment retaliation claims for plaintiff-intervenor Ana-Berta Rubio

24   ("Ms. Rubio").  EEOC contends that it attempted in good faith to conciliate Ms. Rubio's claims and

25   reasonably believed that Grimmway rejected conciliation.  This Court considered Grimmway's summary

26   judgment motion on the record and VACATES the June 18, 2006 hearing, pursuant to Local Rule 78-

27   230(h).  This Court DENIES Grimmway summary judgment and STAYS this action until August 17,

28   2007 to permit EEOC and Grimmway to conciliate.

                                          1

**BACKGROUND**

**Ms. Rubio's Discrimination Charges**

Defendant Esparza Enterprises, Inc. ("Esparza") is a labor services company.  As an Esparza employee, Ms. Rubio worked as a sanitation worker at Grimmway during July 2003 to September 2004.

In November 2004, Ms. Rubio filed a discrimination charge with EEOC against Grimmway and which included her November 11, 2004 declaration that her immediate supervisor Francisco Hernandez ("Mr. Hernandez") "sexually harassed me on a continual basis" and that she was fired shortly after complaining to her supervisors.  The discrimination charge was mailed to Grimmway at 7201 Schirra Court, Suite A, Bakersfield, CA 93313 ("Schirra Court address")[1] and was addressed, pursuant to EEOC practice, to "Director of Human Resources, Grimmway Farms."  EEOC claims it was unaware that the Schirra Court address was an incorrect for Grimmway until after EEOC filed this action.

In early August 2005, Grimmway personnel director Rita Serda ("Ms. Serda") received EEOC investigator Bryne Moore's ("Ms. Moore's") telephone call that Ms. Rubio had made a discrimination charge and that Ms. Moore desired to interview Grimmway employees.  Because Ms. Rubio was employed by co-defendant Esparza, Ms. Serda contacted Esparza for information.  On August 10, 2005, Esparza and EEOC faxed to Ms. Serda Ms. Rubio's EEOC discrimination charge.

EEOC notes that after it identified Ms. Serda as Grimmway's representative in August 2005, EEOC mailed subsequent correspondence to the attention of "Rita Serda, Grimmway Farms" at the Schirra Court address.  According to EEOC, none of its correspondence sent to the Schirra Court address was returned, and Ms. Serda never informed Ms. Moore of the incorrect Schirra Court address.  Since 1986, Grimmway's mailing address has been a Bakersfield post office box, and its personnel office has been at a Lamont, California street address.  Grimmway notes that at pertinent times, it did not share a fax machine or number with Esparza.

In April 2005, Ms. Rubio filed her an EEOC discrimination charge against Esparza to claim retaliatory discharge for Ms. Rubio's filing a sexual harassment complaint.  EEOC claims that since Ms. Rubio's allegations in her discrimination charges against Grimmway and Esparza "were based on

---

[1]    Ms. Rubio apparently provided EEOC the Schirra address.

1    essentially the same circumstances of fact, the subject charges were jointly investigated by the EEOC."

2                    **EEOC's Investigation And Correspondence**

3          During August-October 2005, Ms. Serda participated in EEOC's telephone interviews of

4    Grimmway employees, including several supervisors.[2]  EEOC notes that Ms. Serda provided EEOC

5    documentation of Grimmway's simultaneous investigation.  On September 20, 2005, Ms. Serda faxed

6    Ms. Moore requested documents.  Grimmway's fax cover sheet contained its logo, address and phone

7    number.

8          On November 9, 2005, after EEOC's investigation, Ms. Moore notes that she spoke with Ms.

9    Serda in what EEOC characterizes as a "determination interview," which generally addresses

10   investigation findings, reasonable cause to believe a violation of law occurred, and conciliation.  The

11   parties appear to agree that Ms. Moore informed Ms. Serda of Ms. Moore's belief that there had been

12   a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., and

13   that EEOC would contact Grimmway.  Ms. Moore claims that she told Ms. Serda that Ms. Moore would

14   contact Ms. Serda about conciliation.

15         On November 16, 2005, Ms. Moore sent correspondence addressed to "Rita Serda" at the Schirra

16   Court address.   The correspondence included EEOC's determination letter that Ms. Rubio and a class

17   of females were subjected to harassment based on their sex and that Ms. Rubio was terminated for

18   protected activity.  The determination letter noted that EEOC "will contact you in the near future to

19   begin the conciliation process."  The correspondence also included Ms. Moore's November 16, 2005

20   letter that "we now invite you to participate in the conciliation process."

21         After not hearing from Grimmway, Ms. Moore sent Ms. Serda a December 8, 2005 letter to the

22   Schirra Court address to request Ms. Serda to contact Ms. Moore if Grimmway is "willing to participate

23   in conciliation."  Ms. Moore's letter further noted: "If I do not hear from you within 10 days of the date

24   of this letter, I will assume conciliation efforts have failed and forward this case to our legal department

25   for further action."

26         On December 27, 2005, Ms. Moore telephoned Ms. Serda to follow up on Ms. Moore's

27   _____

28        [2]      EEOC contends that the interviews were conducted after Grimmway had received a copy of Ms. Rubio's
     discrimination charge against Grimmway.

                                                   3

1   December 8, 2005 letter but was unable to reach Ms. Serda.  According to Grimmway, Ms. Moore Left

2   no message regarding conciliation.  On that same day, Ms. Moore spoke to Esparza representative Joe

3   Ruiz ("Mr. Ruiz"), whom Ms. Moore attributes to indicate that Esparza "did not want to conciliate, but

4   wished to challenge any legal action that might be taken."  Ms. Moore attributes Mr. Ruiz to further

5   indicate that "Grimmway had decided on this course of action and the two companies would jointly

6   defend themselves."

7       EEOC sent a January 4, 2006 letter addressed to Mr. Serda at the Schirra address that "efforts

8   to conciliate this charge as required by our procedures and policies have been unsuccessful."

9       Grimmway notes that after Ms. Serda's conversation with Ms. Moore after completion of the

10  October 2005 employee interviews, Grimmway received neither a notice of determination, a notice of

11  right to conciliate nor further EEOC communication until EEOC filed this action on May 10, 2006.

12  Grimmway points out that other than Esparza's August 10, 2005 fax, Grimmway received no further

13  documents or communications from Esparza as to Ms. Rubio's discrimination charge up to May 10,

14  2006.  Grimmway's counsel learned that Esparza had received EEOC mail addressed to Grimmway at

15  Esparza's address in November 2005 and including November 16, 2005 notices of determination of

16  discrimination and right to conciliate.

17      According to Grimmway, Ms. Serda and/or its human resources vice president Sean McNally

18  ("Mr. McNally") would have been provided EEOC notices to Grimmway, pursuant to Grimmway's

19  "policy, custom and practice."  Mr. McNally declares that he "received no posted mail addressed to

20  Grimmway from the EEOC pertinent to the claim of Ms. Ana Berta Rubio, at any time before" May 10,

21  2006.

22      EEOC claims that from November 9, 2005 to the May 10, 2006 filing of this action, "no

23  Grimmway representative, including Ms. Serda, ever contacted the EEOC regarding the status of the

24  charge, despite the fact that Ms. Serda was told that the EEOC would be issuing a reasonable cause

25  determination that Grimmway had violated Title VII and would be contacting Ms. Serda regarding

26  conciliation."  EEOC surmises that its correspondence to the Schirra Court address "was apparently

27  / / /

28  / / /

4

opened by Esparza" which "never advised EEOC of the mailing error."[3]  EEOC notes that since Ms. Serda failed to correct the Schirra Court address error, Ms. Moore was unaware that Grimmway did not receive EEOC correspondence and continued to send correspondence to Ms. Serda at the Schirra Court address.

## **Grimmway's Prejudice Claims**

Ms. Rubio's Esparza employment was terminated on September 24, 2004.  Mr. Hernandez left Grimmway's employment in January 2006.  Grimmway contends that former Grimmway employees who are familiar with Ms. Rubio and Mr. Hernandez and their employment "might have served as witnesses to events relevant to Ms. Rubio's allegations" and "Grimmway has no way of contacting them."  Grimmway further contends that EEOC's failure to timely notify Grimmway of Ms. Rubio's discrimination charge and to follow appropriate conciliation procedures has "prejudiced" Grimmway given the passage of time since Ms. Rubio filed her discrimination charge and unavailability of witnesses.  Mr. McNally declares:

> Further, if Grimmway had been included in the process as required by law, pursuant to Grimmway's policies[,] Grimmway and I would have participated in any good faith dialogue extended by the EEOC.  It can never be known what benefits might have been afforded to Grimmway as a result of these efforts, including but not limited to complete resolution of the pending dispute and avoidance of the pending action.  However, because Grimmway has a strict corporate policy against sexual harassment or any other Title VII violation of any kind, I strongly believe that the present action would have been obviated had the EEOC complied with its obligations under the law.

## **EEOC And Ms. Rubio's Claims**

On May 10, 2006, EEOC filed this Title VII action to allege that Grimmway and Esparza "engaged in unlawful employment practices" by "subjecting Ms. Rubio and similarly situated female employees to a sexually hostile, abusive, intimidating, and offensive work environment" and "by terminating Ms. Rubio for engaging in protected activity."  On May 18, 2007, Ms. Rubio filed her complaint in intervention to allege Title VII and state sexual harassment and discrimination claims against Grimmway and Esparza.

Grimmway seeks summary judgment that EEOC's claims are barred based on EEOC's failure

---

[3]    Grimmway reiterates that if Esparza opened mail addressed to Grimmway, Esparza, prior to the filing of this action, provided Grimmway no documents other than those Esparza faxed on August 10, 2005.

1    to engage in conciliation with Grimmway.  Grimmway contends that "Ms. Moore's lack of actual,

2    subjective 'comprehension' of Grimmway's correct address cannot be advanced as a reason for EEOC's

3    complete failure to actually engage Grimmway in conciliation."  EEOC contends that, under the

4    circumstances, the adequacy of its conciliation efforts is a factual question to defeat summary judgment

5    and if its conciliation efforts were inadequate, a stay is appropriate to permit conciliation efforts.

6                                        **DISCUSSION**

7                              **Summary Judgment Standards**

8         F.R.Civ.P. 56(b) permits a party against whom a claim is asserted to seek "summary judgment

9    in the party's favor upon all or any part thereof."  Summary judgment is appropriate when there exists

10   no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

11   F.R.Civ.P. 56(e); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348,

12   1356 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

13   The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see

14   whether there is a genuine need for trial."  *Matsushita Elec.,* 475 U.S. at 586, n. 11, 106 S.Ct. 1348;

15   *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

16        On summary judgment, a court must decide whether there is a "genuine issue as to any material

17   fact," not weigh the evidence or determine the truth of contested matters.  F.R.Civ.P. 56(c); *Covey v.

18   Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997); *see Adickes v. S.H. Kress & Co.*, 398

19   U.S. 144, 157, 90 S.Ct. 1598 (1970); *Poller v. Columbia Broadcast System*, 368 U.S. 464, 467, 82 S.Ct.

20   486 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1313 (9th Cir. 1984).

21   The evidence of the party opposing summary judgment is to be believed and all reasonable inferences

22   that may be drawn from the facts before the court must be drawn in favor of the opposing party.

23   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986); *Matsushita*, 475 U.S. at 587,

24   106 S.Ct. 1348.  The inquiry is "whether the evidence presents a sufficient disagreement to require

25   submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

26   *Anderson*, 477 U.S. at 251-252, 106 S.Ct. 2505.

27        This Court agrees with Grimmway's assessment that "the parties are in agreement on the facts"

28   but "disagree about the proper application of controlling law."  As discussed below, this Court concludes

1    that application of the law requires a stay to permit EEOC and Grimmway to conciliate.

2    **EEOC Conciliation**

3    Grimmway contends that EEOC must attempt conciliation of disputes prior to filing a civil

4    action.  If after its investigation EEOC determines that there is reasonable cause to believe the truth of

5    a discrimination charge, EEOC  "shall endeavor to eliminate any such alleged unlawful employment

6    practice by informal methods of conference, conciliation, and persuasion."  42 U.S.C. § 2000e-5(b).

7    Grimmway points to *Equal Employment Opportunity Commission v. Pierce Packing Co.*, 669 F.2d 605,

8    607 (9th Cir. 1982):

9    There are several conditions precedent however, which [EEOC] must satisfy before it
     may bring suit. . . . .  The enabling act states that: "The commission is empowered, as
10   hereinafter provided, to prevent any person from engaging in any unlawful employment
     practice . . ." 42 U.S.C. s 2000e-5(a). . . . The initial step in a Title VII action occurs
11   when a charge of unlawful employment practice is filed with the EEOC. . . . The EEOC
     next must notify the alleged wrongdoer of the charge, conduct an investigation, and
12   determine whether reasonable cause exists to believe that the charge is true. . . . If
     reasonable cause is not found, the charge shall be dismissed. . . . If reasonable cause is
13   found, ". . . the commission shall endeavor to eliminate any such alleged unlawful
     employment practice by informal methods of conference, conciliation, and persuasion."
14   . . .  If the commission determines that further conciliation efforts would be futile or
     nonproductive, it shall so notify the respondent in writing. 29 CFR 1601.25 (1980). This
15   notice is to apprise the respondent of a "last chance" to conciliate. . . .  Only after the
     preceding steps have been exhausted, and the commission is unable to reach an
16   acceptable conciliation, may the commission bring a civil action. 42 U.S.C. s
     2000e-5(f)(1).  (Some citations omitted.)

17

18   Grimmway points to further guidance of the Ninth Circuit Court of Appeals:

19   The Commission's functions of investigation, decision of reasonable cause and
     conciliation are crucial to the philosophy of Title VII. It is difficult to believe that
20   Congress directed the Commission to make a determination of reasonable cause on the
     merits of a charge and nevertheless contemplated that the Commission could institute
21   such litigation before it makes such a determination. Similarly, it is difficult to conclude
     that Congress directed the Commission to conciliate and then authorize it to initiate
22   adversary proceedings before the possibility of voluntary compliance has been exhausted.

23   Genuine investigation, reasonable cause determination and **conciliation are
     jurisdictional conditions precedent to suit by the EEOC** which are conspicuously
24   absent here.  (Bold added.)

25   *Pierce Packing*, 669 F.2d at 608; *see EEOC v. Allegheny Airlines*, 436 F.Supp. 1300, 1306 (W.D. Pa.

26   1977) (EEOC conciliation is "a condition precedent to the Commission's power to sue.")

27   As noted by Grimmway, EEOC regulations require EEOC to engage in conciliation:

28   Where the Commission determines that there is reasonable cause to believe that

7

an unlawful employment practice has occurred or is occurring, the Commission shall endeavor to eliminate such practice by informal methods of conference, conciliation and persuasion.  In conciliating a case in which a determination of reasonable cause has been made, the Commission shall attempt to achieve a just resolution of all violations found and to obtain agreement that the respondent will eliminate the unlawful employment practice and provide appropriate affirmative relief.

29 C.F.R. § 1601.24(a).

29 C.F.R. § 1601.25 requires EEOC, when it is unable to obtain voluntary compliance and determines that further efforts would be futile or nonproductive, to "so notify the respondent in writing."

Pointing to the above authorities and portions of EEOC's Compliance Manual, Grimmway contends that EEOC is obligated to conciliate.  Grimmway notes that 42 U.S.C. § 2000e-5(b)'s conciliation requirement is "mandatory" but "it is not expressly 'ranked as jurisdictional' in the statute." Grimmway continues that whether "viewed as an element of EEOC's claim" or "as a 'jurisdictional' condition precedent, legitimate conciliation cannot be established by the EEOC in this case, and therefore the case must be dismissed."

EEOC responds that it made good faith attempts to conciliate and met all jurisdictional requirements to file this action.  EEOC points to its November and December 2005 correspondence to Ms. Serda to invite conciliation.  EEOC contends that it "logically concluded" that Grimmway rejected conciliation after Ms. Moore's December 2005 contacts were unreturned and Esparza representative Mr. Ruiz indicated that Esparza and Grimmway declined conciliation.   EEOC characterizes further conciliation efforts as futile.

"The sufficiency of a conciliation effort by the EEOC does not present a jurisdictional question, so long as a conciliation attempt has been made." *EEOC v. California Teachers' Ass'n*, 534 F.Supp. 209, 213, n. 3 (N.D. Cal. 1982) (citing *EEOC v. Zia Co.*, 582 F.2d 527,  533 (10th Cir. 1978); *EEOC v. Sears, Roebuck & Co.*, 504 F.Supp. 241, 262 (N.D.Ill.1980); *EEOC v. North Central Airlines*, 475 F.Supp. 667, 669-70 (D.Minn.1979)).  A district court's dissatisfaction with an EEOC conciliation attempt "is not the appropriate standard of review. The district court should only determine whether the EEOC made an attempt at conciliation. The form and substance of those conciliations is within the discretion of the EEOC as the agency created to administer and enforce our employment discrimination laws and is beyond judicial review." *EEOC v. Keco Industries, Inc.*, 748 F.2d 1097, 1101 (6th Cir.

8

1984).  "The EEOC is under no duty to attempt further conciliation after an employer rejects its offer. Before bringing suit, the EEOC must make a good faith effort to conciliate the claim. However, once the employer rejects the conciliation attempts, the EEOC is free to file suit under Title VII." *Keco Industries*, 748 F.2d at 1101-1102 (citing *EEOC v. Radiator Specialty Co.*, 610 F.2d 178, 183 (4th Cir.1979); *EEOC v. Zia Co.*, 582 F.2d 527 (10th Cir.1978)). Where defendant "was unwilling to engage in any discussion regarding [a] charge . . . [,] the EEOC could reasonably have believed that its efforts to conciliate were sufficient." *EEOC v. Bruno's Restaurant*, 13 F.3d 285, 289 (9th Cir. 1993).

Based in viewing the evidence in EEOC's favor, EEOC has demonstrated its attempts to invite conciliation. Unfortunately, EEOC sent its invitations to an incorrect address. Grimmway attempts to take advantage of such error, and reasonable inferences from the evidence indicate that Esparza no less than contributed to EEOC's mistaken understanding of Grimmway's address. As early as August 2005, Grimmway was aware of Ms. Rubio's discrimination charge. During fall 2005, Grimmway's Ms. Serda participated in EEOC's telephone interviews of Grimmway employees. On November 9, 2005, Ms. Moore conducted a determination interview with Ms. Serda and informed Ms. Serda that EEOC found Title VII violations. In November and December 2005, EEOC attempted to send Ms. Serda several letters to invite conciliation. According to EEOC, Esparza received the letters but did not inform EEOC that the letters were sent to an incorrect address for Grimmway. EEOC logically concluded that Grimmway rejected conciliation given Mr. Ruiz' statement that Esparza and Grimmway declined conciliation. This is not a situation where EEOC withheld conciliation. EEOC merely misdirected its conciliation invitations. At a minimum, EEOC has raised factual issues as to its conciliation efforts to defeat summary judgment.

## EEOC's Knowledge Of Grimmway's Location

Grimmway points out that its location was easily accessible to EEOC and that EEOC easily could have sent communications to Grimmway's correct location in that:

1.    Grimmway is a large Kern County agricultural employer;

2.    Grimmway's mailing address and personnel office have remained the same since 1986;

3.    EEOC investigator Ms. Moore contacted Grimmway personnel director Ms. Serda in early August 2005 and had several communications with her;

1     4.     Ms. Moore informed Ms. Serda that EEOC would have further contact with Grimmway;

2     5.     Grimmway cooperated with EEOC's investigation; and

3     6.     Based on its communications with Grimmway, EEOC knew that Grimmway and Esparza

4     were separate entities with separate addresses and telephone and fax numbers.

Grimmway notes the absence of communications between EEOC and Grimmway from November 16, 2005, when EEOC mailed its conciliation offer to an erroneous Grimmway address, and May 10, 2006, when EEOC filed this action.

Under the circumstances, ease to determine Grimmway's correct address is not particularly helpful to Grimmway. Grimmway points to no authority that ease to ascertain an employer's address is dispositive as the conciliation issue. An inference arises that Grimmway did not attempt to correct EEOC although the evidence suggests Grimmway knew or should have known of address problems, especially given that Esparza had received EEOC documents and provide EEOC documents to Grimmway. Grimmway's ignorance is bliss posture is unpersuasive and disingenuous, especially given that if Grimmway was sincere to conciliate, it could have contacted Ms. Moore to do so or at a minimum, to ascertain when EEOC would invite conciliation.

## Stay To Allow Conciliation

EEOC contends that if its conciliation efforts were inadequate, the proper remedy is to stay this action to allow conciliation. According to EEOC, a "stay is particularly appropriate here, as the parties are currently engaging in negotiations to resolve the case." Grimmway takes exception that the parties are engaged in settlement negotiations.

This Court has discretion to "stay further proceedings for not more than sixty days pending . . . further efforts of the Commission to obtain voluntary compliance." 42 U.S.C. § 2000e-(f)(1). Under the circumstances, a stay is preferable to summary judgment, especially given Title VII's remedial purposes.

## Prejudice To Grimmway

Grimmway contends that it has been prejudiced by EEOC failure to provide statutorily required notices based on:

1.     Passage of 17 months since EEOC was required to send notice of Ms. Rubio's

1    discrimination charge;

2    2.    Absence of and inability to locate witnesses, including alleged harasser Mr. Hernandez;

3          and

4    3.    Lost opportunity to obviate EEOC's claims and to engage in conciliation.

5    EEOC responds that Grimmway has failed to identify supposedly unavailable witnesses and to

6    explain their unavailability or why Grimmway did not interview them.  EEOC points out that Grimmway

7    conducted a simultaneous investigation and that alleged prejudice arises from failures of Grimmway,

8    not EEOC.  Again, if Grimmway is sincere about conciliation, Grimmway is afforded the chance to do

9    so with a stay.

10   ## CONCLUSION AND ORDER

11   For the reasons discussed above, this Court:

12   1.    DENIES Grimmway summary judgment;

13   2.    STAYS this action until August 17, 2007 to permit EEOC and Grimmway to conciliate;

14   3.    VACATES the June 28, 2007 scheduling conference and RESETS the scheduling

15         conference for August 31, 2007 at 8:30 a.m. in Department 7 (LJO).

16         IT IS SO ORDERED.

17   **Dated:    June 12, 2007**              **/s/ Lawrence J. O'Neill**

18                                            UNITED STATES DISTRICT JUDGE

11