| | |
|---|---|
| 1 | WILLIAM R. TAMAYO, SBN 084965 |
| | DAVID F. OFFEN-BROWN, SBN 063321 |
| 2 | LINDA S. ORDONIO-DIXON, SBN 172830 |
| | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| 3 | San Francisco District Office |
| | 350 The Embarcadero, Suite 500 |
| 4 | San Francisco, CA 94105-1260 |
| | Telephone No. (415) 625-5654 |
| 5 | Fax No. (415) 625-5657 |
| 6 | Attorneys for Plaintiff |
| 7 | BOB H. JOYCE, SBN 84607 |
| | LORNA BRUMFIELD, SBN 109263 |
| 8 | J. NILE KINNEY, SBN 108433 |
| | LeBEAU-THELEN, LLP |
| 9 | 5001 E. Commercenter Drive, Suite 300 |
| | Bakersfield, CA 93309 |
| 10 | Telephone No. (661) 325-1127 |
| 11 | Attorneys for Defendant Grimmway Farms |
| 12 | DANIEL K. KLINGENBERGER, SBN 131134 |
| | DOWLING, AARON & KEELER, INC. |
| 13 | 5060 California Avenue, Suite 620 |
| | Bakersfield, California 93309 |
| 14 | Telephone No. (661) 716-3000 |
| | Fax: (661) 716-3005 |
| 15 | |
| 16 | Attorneys for Esparza Enterprises, Inc. |

FILED
NOV 15 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | CIVIL ACTION NO. 06 – 00561 LJO DLB |
| | ) | |
| Plaintiff, | ) | [~~PROPOSED~~] CONSENT DECREE |
| v. | ) | |
| GRIMMWAY ENTERPRISES, INC. d/b/a GRIMMWAY FARMS; ESPARZA ENTERPRISES, INC. | ) | |
| Defendants. | ) | |

//

//

**CONSENT DECREE**
**CV-06 – 00561 LJO DLB**

Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Charging Party Ana-Berta Rubio and other similarly situated female employees who were adversely affected by such practices.

In the interest of resolving this matter the Commission, and Defendants Esparza Enterprises Inc., and Grimmway Enterprises Inc., (hereinafter referred to as "the Parties") have agreed that the above-captioned lawsuit (the "Lawsuit") should be finally resolved by entry of this Consent Decree.

This Consent Decree, being entered into with the consent of the EEOC, Grimmway Farms and Esparza Enterprises, shall not constitute an adjudication and/or a finding on the merits of the lawsuit and shall not be construed as an admission of liability by either Grimmway Farms or Esparza Enterprises.

This Consent Decree resolves all claims arising out of EEOC Charge Nos. 375-2005-00068 (Ana Berta Rubio vs. Grimmway Farms) and 375-2005-00416 (Ana Berta Rubio vs. Esparza Enterprises, Inc.) and the Complaint in this Lawsuit, and constitutes a complete resolution of all claims of discrimination under Title VII that were made or could have been made by the Commission based on these charges. This Consent Decree does not, however, resolve any future charges or charges that may be pending with the EEOC other than the charges and Complaint specifically referenced in this paragraph.

This Consent Decree comprises the full and exclusive agreement of the Parties with respect to the matters discussed herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by all the Parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

CONSENT DECREE 2.
CV-06-00165

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and now approves this Consent Decree.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

I.  GENERAL PROVISIONS

This Court has jurisdiction over the subject matter and the Parties to this Lawsuit. This Court will retain jurisdiction over this Decree for all purposes until the expiration of Defendant's obligations as set forth herein.

This Consent Decree is final and binding upon the Parties, their agents, successors and assigns. The Parties will each bear their own costs and attorney fees in this action.

II. GENERAL INJUNCTIVE RELIEF

<u>Sex Discrimination</u>: Consistent with Section 703 of Title VII, 42 U.S.C. §2000e-2, Defendants and their officers, agents, managers (including supervisory employees), successors and assigns, are prohibited from discriminating against persons on the basis of sex by creating, allowing or otherwise supporting sexual harassment in their workforce.

<u>Retaliation</u>: Consistent with Section 704 of Title VII, 42 USC § 2000e-3, Defendants, their officers, agents, managers (including supervisory employees), successors and assigns, are prohibited from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee because he or she has in the past, or during the term of this Consent Decree (a) opposed any practice of harassment or other discriminatory acts on the basis of sex made unlawful under Title VII; (b) filed a Charge of Discrimination alleging any such practice; (c) testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Defendant), proceeding or hearing in connection with this Lawsuit; (d) was identified as a possible witness in this Lawsuit; or (e) asserted any rights under this Consent Decree.

CONSENT DECREE  
CV-06-00165                                              3.

### III. MONETARY RELIEF

Defendants shall pay the total sum of $175,00.00 (One Hundred and Seventy Five Thousand Dollars and No Cents) (the "Settlement Payment") as damages to Ana Berta Rubio. Each Defendant shall be jointly and separately responsible for payment of the total sum; Defendants shall determine between themselves the amount to be paid by each Defendant.

a. Defendants shall report the Settlement Payment by issuance of IRS Form 1099.

b. Pursuant to the term of the separate settlement agreement entered into by the parties, Defendants shall pay the Settlement Payment as follows:

Within ten (10) days of the entry of this Consent Decree, Defendants shall issue the total payment made payable to Ana Berta Rubio and her attorney, William J. Smith. Defendants shall make their respective payments in the form of a business check, cashier's check, or certified check.

c. Check(s) shall be sent via Federal Express to William J. Smith, Law Offices of William J. Smith, 2350 West Shaw Ave., Suite 132, Fresno, CA.

d. A copy of the check(s) shall be faxed to EEOC Counsel Linda Ordonio-Dixon at (415)625-5657.

### IV. SPECIFIC INJUNCTIVE RELIEF

**EEO and Anti-Discrimination Policies**

Defendants shall revise their respective sexual harassment and complaint investigation policies within sixty (60) days of signing the Consent Decree, such that the policies: (i) provide that complaints of discrimination and/or retaliation will be accepted irrespective of whether they are made verbally or in writing; and (ii) indicate that, promptly upon the conclusion of the investigation of a complaint, the company will communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any. The revised policies shall be submitted to the Commission for review to ensure that the terms above have been met.

CONSENT DECREE 4.
CV-06-00165

After the Commission has reviewed and approved the policies, Defendant shall effectively disseminate their revised policies and procedures by:

  i. Distributing copies to all current employees within 30 days after the Commission's approval of the policies;

  ii. Distributing copies along with employee paychecks to all employees one year after the distribution indicated, above;

  iii. Giving a copy to all new employees at all locations upon the employees' hire.

**Posting.**

The "Notice to all Employees" which is attached to this Consent Decree shall be posted and remain posted in a clearly visible location frequented by employees for the term of the Consent Decree.

**Training of Employees.**

Once a year for the next two years, Defendants shall provide an explanation of Defendant's anti-discrimination policies in an employee safety meeting or other employee meeting to all employees and contract workers. The information provided at the meetings shall provide participants with an understanding of the company's policies, prohibitions regarding retaliation and the company's complaint discrimination procedures.

Defendants shall provide sexual harassment training to all supervisors as required by California AB 1825. This training shall provide participants with an understanding of discrimination issues, particularly sexual harassment, sources of legal protection for discrimination victims, the employees' obligation to report sex discrimination, the employer's obligation to take preventive, investigative and remedial action with respect to discrimination complaints, and to review company policies (including discipline policies) and practices related to discrimination and retaliation with

CONSENT DECREE 5.
CV-06-00165

employees.

**Acknowledgment of Dissemination of Policies and Training Attendance.**

All persons attending mandatory anti-discrimination training pursuant to this Consent Decree shall sign an acknowledgment of their attendance at the training. Defendants shall retain the originals of these acknowledgments and the EEOC may inspect the acknowledgements.

**Reports to the Commission**

Defendants will provide verification in the form of a yearly statement to the EEOC for two years, in the fonn of a signed verification by a company official attesting that all requirements under the Consent Decree have been met for that year.

**Policies Designed to Promote Supervisor Accountability**

Defendants agree that they shall impose appropriate discipline, up to and including termination, suspension without pay or demotion, upon any supervisor or manager who engages in sexual harassment or retaliation or knowingly permits any such conduct to occur in his or her work area or among employees under his or her supervision, or who retaliates against any person who complains or participates in any investigation or proceeding concerning such conduct. Defendants shall communicate this policy to all of their supervisors and managers.

V.  **RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE**

a.  This Consent Decree shall terminate two (2) years from the date of entry by the Court, unless the Commission petitions this Court for an extension of the Decree because of non-compliance by either Defendant. If the Commission determines that any Defendant has not complied with the Consent Decree, the Commission will provide written notification of the alleged breach to said Defendant and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by

CONSENT DECREE            6.
CV-06-00165

the parties for good faith efforts to resolve the issue. If the Commission petitions the Court and the Court finds one or both Defendant(s) be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree, but only as to the Defendant(s) that the Court finds to be in substantial violation.

b.  Except as provided in the preceding paragraph, two (2) years after the entry of this Consent Decree, this lawsuit will be dismissed with prejudice, provided that Defendants have complied substantially with the terms of this Consent Decree. Defendants will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that Defendants have failed to comply with any of the terms of this Decree. This Consent Decree will automatically expire without further Court Order.

c.  For purposes of enforcing the provisions of this Consent Decree, and pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) and *Flanagan v. Arnaiz*, 143 F.3d 540, 543-44 (9th Cir. 1998), this Court will retain jurisdiction of the instant lawsuit until the expiration of the Consent Decree.

Dated: November 6, 2007

WILLIAM R. TAMAYO
For Plaintiff EEOC

Dated: November 6, 2007

DAVID F. OFFEN-BROWN
For Plaintiff EEOC

Dated: November 6, 2007

LINDA S. ORDONIO-DIXON
For Plaintiff EEOC

Dated: November 6, 2007

LORNA BRUMFIELD
For Defendant Grimmway Enterprises, Inc.

Dated: November 6, 2007

DANIEL K. KLINGENBERGER
For Defendant Esparza Enterprises

**CONSENT DECREE**
CV-06-00165

7.

the parties for good faith efforts to resolve the issue. If the Commission petitions the Court and the Court finds one or both Defendant(s) be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree, but only as to the Defendant(s) that the Court finds to be in substantial violation.

b. Except as provided in the preceding paragraph, two (2) years after the entry of this Consent Decree, this lawsuit will be dismissed with prejudice, provided that Defendants have complied substantially with the terms of this Consent Decree. Defendants will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that Defendants have failed to comply with any of the terms of this Decree. This Consent Decree will automatically expire without further Court Order.

c. For purposes of enforcing the provisions of this Consent Decree, and pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) and *Flanagan v. Arnaiz*, 143 F.3d 540, 543-44 (9th Cir. 1998), this Court will retain jurisdiction of the instant lawsuit until the expiration of the Consent Decree.

Dated: November 6, 2007

_____
WILLIAM R. TAMAYO
For Plaintiff EEOC

Dated: November 6, 2007

_____
DAVID F. OFFEN-BROWN
For Plaintiff EEOC

Dated: November 6, 2007

_____
LINDA S. ORDONIO-DIXON
For Plaintiff EEOC

Dated: November 6, 2007

_____
LORNA BRUMFIELD
For Defendant Grimmway Enterprises, Inc.

Dated: November 6, 2007

_____
DANIEL K. KLINGENBERGER
For Defendant Esparza Enterprises

CONSENT DECREE
CV-06-00165                                      7.

NOV-07-07 08:46 FROM-Hogan & Klingenberger P.C. 661-716-3006 T-880 P.008/010 F-804

Case 1:06-cv-00561-LJO-DLB Document 63 Filed 11/15/07 Page 9 of 11

1 the parties for good faith efforts to resolve the issue. If the Commission peritions the Court and the
2 Court finds one or both Defendant(s) be in substantial violation of the terms of the Decree, the Court
3 may extend this Consent Decree, but only as to the Defendant(s) that the Court finds to be in
4 substantial violation.

5      b.    Except as provided in the preceding paragraph, two (2) years after the entry of this
6 Consent Decree, this lawsuit will be dismissed with prejudice, provided that Defendants have
7 complied substantially with the terms of this Consent Decree. Defendants will be deemed to have
8 complied substantially if the Court has not made any findings or orders during the term of the
9 Decree that Defendants have failed to comply with any of the terms of this Decree. This Consent
10 Decree will automatically expire without further Court Order.

11      c.    For purposes of enforcing the provisions of this Consent Decree, and pursuant to
12 *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) and *Flanagan v. Arnaiz*,
13 143 F.3d 540, 543-44 (9th Cir. 1998), this Court will retain jurisdiction of the instant lawsuit until the
14 expiration of the Consent Decree.

Dated: November 6, 2007

_____
WILLIAM R. TAMAYO
For Plaintiff EEOC

Dated: November 6, 2007

_____
DAVID F. OFFEN-BROWN
For Plaintiff EEOC

Dated: November 6, 2007

_____
LINDA S. ORDONIO-DIXON
For Plaintiff EEOC

Dated: November 6, 2007

_____
LORNA BRUMFIELD
For Defendant Grimmway Enterprises, Inc.

Dated: November 6, 2007

*Daniel K* _____
DANIEL K. KLINGENBERGER
For Defendant Esparza Enterprises

CONSENT DECREE
CV-06-00165
               7.

IT IS SO ORDERED:

Dated: Nov 15, 2007

*EEOC v Grimmway Consent Decree.*

_____
United States District Court Judge

CONSENT DECREE
CV-06-00165

8.

EXHIBIT A

NOTICE TO ALL EMPLOYEES

This Notice is being posted to resolve the federal lawsuit Equal Employment Opportunity Commission/Ana Berta Rubio vs. Grimmway Farms/Esparza Enterprises, Civil Action 06– 00561 LJO DLB (Eastern District of California).

Title VII of the Civil Rights Act or 1964, 42 U.S.C. Section 2000e-2(b), et seq., as amended, (Title VII"), makes it unlawful for an employer to subject an employee to sexual harassment or to otherwise discriminate against any individual because of his or her race, color, religion, sex or national origin. Title VII further prohibits retaliation against employees or applicants who avail themselves of the rights under Title VII by engaging in protected activities such as filing a charge of discrimination and/or testifying or participating in a Commission investigation. The EEOC is the federal agency which investigates charges of unlawful employment discrimination. The EEOC has the authority to bring lawsuits in federal court to enforce Title VII.

If you believe you have been discriminated against, you may contact the EEOC at 1-800-669-4000. The EEOC charges no fees and has employees who speak languages other than English.

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED OR REMOVED BY ANYONE

This notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to Maricela Medina, (408) 291-7354.

By Court Order dated: _____

CONSENT DECREE
CV-06-00165                                          9.